**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 19-4507**

───────────────

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

AARON ABRAM BISHOP,

> Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:18-cr-00858-TMC-1)

───────────────

Submitted:  March 22, 2022                          Decided:  May 17, 2022

───────────────

Before AGEE and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Abram Bishop appeals the district court's judgment sentencing him to 94 months in prison and three years of supervised release after he pled guilty to possession of firearms and ammunition subsequent to a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Bishop's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether his sentence is reasonable.  Bishop was notified of his right to file a pro se supplemental brief but has not done so.  We previously granted the parties' motions to place this appeal in abeyance pending our decisions addressing *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which was decided after Bishop pled guilty.  We now affirm.

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969).  "Rule 11 sets out the information a court is to convey to ensure that a defendant who pleads guilty understands the consequences of the plea." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012).  "The court also must determine that the plea is voluntary and that there is a factual basis for the plea." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  "Generally we review the acceptance of a guilty plea under the harmless error standard." *Id.* (citation omitted).  "But when, as here, a defendant fails to move in the district court to withdraw his or her guilty plea, any error in the Rule 11 hearing is reviewed only for plain error." *Id.* (citation omitted).

"To succeed under plain error review, a defendant must show that:  (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United*

2

*States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc) (citation omitted). To establish that plain error affected substantial rights in the guilty plea context, "a defendant bears the burden to show 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Id*. at 192 (citation omitted); *see also Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (for plain error under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), a defendant "has the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty"). "If those three requirements are met, [this Court] may grant relief if it concludes that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Greer*, 141 S. Ct. at 2096-97 (citations omitted).

"[I]n *Rehaif*, the Supreme Court concluded that to obtain a § 922(g) conviction, the government 'must show that the defendant knew he possessed a firearm *and also that he knew he had the relevant [felon] status when he possessed it*.'" *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (quoting *Rehaif*, 139 S. Ct. at 2194). "As the Supreme Court has noted, '[i]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon.'" *Id*. (quoting *Greer*, 141 S. Ct. at 2097). However, "the mere undisputed fact that [the defendant] was a felon at the time of the [offense] is not dispositive." *Id*.

"'[T]here may be cases in which a defendant who is a felon can make an adequate showing on appeal that he would have presented evidence in the district court that he did

3

not in fact know he was a felon when he possessed firearms.'" *Id*. (quoting *Greer*, 141 S. Ct. at 2097). "'But if a defendant does not make such an argument or representation on appeal, the appellate court will have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a "reasonable probability" that the outcome would have been different absent the *Rehaif* error.'" *Id*. (citation omitted); *see United States v. Hobbs*, 24 F.4th 965, 973 (4th Cir. 2022) (defendant failed to show a reasonable probability that he would not have been convicted absent the *Rehaif* error, where he testified that he was not allowed to possess firearms and had "not proffered 'a sufficient argument or representation' that he would have presented a factual basis at trial for contradicting this evidence that he knew he was a felon").

Here, we conclude that the district court erred at the Rule 11 hearing by not advising Bishop that the Government had to prove he knew he was a felon when he possessed the firearms and ammunition in the offense; and we further conclude that the error was plain. However, we find no basis in the record to conclude that if the court had "correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097. It is undisputed that Bishop had at least two prior convictions that were punishable by more than one year in prison. At sentencing, he admitted he knew he was a felon at the time of this offense. Moreover, on appeal, he has "not proffered 'a sufficient argument or representation' that he would have presented a factual basis at trial for contradicting this [admission] that he knew he was a felon," *Hobbs*, 24 F.4th at 973, and we find no basis in the record for such a proffer.

4

Bishop's counsel questions whether his sentence is greater than necessary to achieve the purposes of sentencing. "This Court 'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51). "If the Court 'find[s] no significant procedural error, [it] then consider[s] the substantive reasonableness of the sentence imposed.'" *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (citation omitted).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks and citations omitted). "Specifically, a district court's explanation should provide some indication [] that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id*. at 212-13 (internal quotation marks and citations omitted). "Importantly, it is also well established that our review of a district court's sentencing explanation is not limited to the

5

court's statements at the moment it imposes sentence," but rather, "we look at the full context" of those statements when evaluating them. *Id*. at 213.

"If the sentence 'is procedurally sound, [this Court] then consider[s] the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). A sentence within the Guidelines range is presumptively reasonable. *United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019) (citation omitted). A defendant can only rebut the presumption by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Bishop's sentence is procedurally and substantively reasonable, and the district court did not abuse its discretion in sentencing him. The court properly calculated his Guidelines range and reasonably imposed a prison sentence within that range, followed by three years of supervised release. The court gave the parties an opportunity to argue for an appropriate sentence, conducted an individualized assessment of the facts and arguments presented, considered the § 3553(a) factors, and adequately explained the chosen sentence. Taking into account a totality of circumstances, we further conclude that Bishop has not rebutted the presumption of reasonableness.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

6

may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*